UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CLINT DESTINO,

      Plaintiff,

v.                                                                Civ. No. 20-397 MV/GJF

CENTURION MEDICAL SERVICES,
et al.,

      Defendants.

## ORDER TO FILE A *MARTINEZ* REPORT

THIS MATTER is before the Court *sua sponte* after reviewing the record. On April 23, 2020, Defendant Centurion Medical Services filed the state court record [ECF 3-1] which contained Defendant Valeriano's Answer to Plaintiff's Complaint [ECF 1-2]. On November 22, 2022, in compliance with the Court's Order to Answer [ECF 8], Defendant Centurion Medical Services filed its own Answer to Plaintiff's Complaint. As further explained below, the Court will require these Defendants, which represent two of the seven currently named Defendants,[1] to jointly submit a *Martinez* report.

**I.    BACKGROUND**

The Complaint provides a rough summary of the relevant underlying facts. On May 14, 2018, Plaintiff alleges that he fell and broke his wrist and an unnamed correctional officer escorted him to the Lea County Detention Center's medical facility. ECF 1-2 at 4. Plaintiff claims that medical providers opted to wrap his broken wrist with an Ace bandage instead of sending him to

---

[1] Defendants Murry F. Young, "FNU" Wise, George Stevenson, John Doe, and New Mexico Department of Corrections have not yet answered or otherwise made an appearance. But the docket reveals no evidence that Plaintiff attempted to effect service of process on them or that Plaintiff submitted addresses for these defendants in line with the Court's Order to Answer [ECF 8]. Consequently, this Court will be recommending to the presiding judge that these defendants be dismissed without prejudice for failure to effect timely service under Federal Rule of Civil Procedure 4(m).

the hospital.  Plaintiff then describes how he encountered Warden Sims, who allegedly promised that he would not let Plaintiff "fall through the cracks." *Id.*  Later that day, medical providers X-rayed Plaintiff's wrist but, because "nothing was happening" the following day, Plaintiff filed an emergency grievance form.  *Id.*  In it, Plaintiff accused Defendant Wise, a physician's assistant, of erring by not sending him to the hospital for his broken wrist.  *Id.*

On June 6, 2018, Plaintiff was sent to the hospital for surgery.  He alleges that he received no post-surgery instructions and that providers gave him only the "extremely mild" pain-reducing mitigation, I-Prin—ibuprofen.  Only after enlisting help from the New Mexico ACLU, who wrote Warden Simms a letter about Plaintiff's "injuries and the lack of treatment" on June 9, 2018, did Plaintiff receive a stronger sedative and an ice pack.  *Id.* at 6.  Two days later, Plaintiff complained to the state contract monitor, "Ms. Naegley," that his bloody post-surgery bandages had not been changed in forty-eight hours and consequently "smelled horrible."  Plaintiff alleges that Defendants ignored his requests for "wound care . . . [and] pain medication," thereby causing him to experience stress, pain and suffering, and sleepness nights "due to psychological and physical pain, anxiety[,] and stress."

On June 22, 2018, Plaintiff returned to the hospital for stitch removal.  He repeated his complaints of "extreme pain" and reiterated his request for pain relievers, but medical providers declined to provide him with more.  *Id.* at 9.  That night, Plaintiff reported experiencing "the worst pain of [his] life" recovering from post-op stitch removal and reported that his arm was "crooked," just like the medical provider had noticed that morning.  *Id.*

## II. DISCUSSION

An investigation and Special Report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for any of Plaintiff's claims, including but

not limited to the issue of which professional opinions and reasoning led the medical provider defendants to deny Plaintiff's requests and whether Defendant Centurion's policies influenced those decisions. *See Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

In a suit brought by a *pro se* prisoner, the Court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether a meritorious claim exists. *Martinez*, 570 F.2d at 320; *see also, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, **including motions for summary judgment or a *sua sponte* entry of summary judgment**. *See Hall*, 935 F.2d at 1109-12 (noting that a *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. Accordingly, in addition to the information requested by the Court herein, Defendants should submit whatever materials they consider relevant to Plaintiff's claims and their defenses. Plaintiff should do the same in his response.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Centurion and Valeriano shall, no later than **January 30, 2023**, jointly file a *Martinez* Report in accordance with the following:

1. Defendants' *Martinez* Report must address **in a written brief** all of the allegations against each Defendant, as well as any defenses raised in their answer that they

wish to pursue.  Defendants shall also include as attachments any affidavits or documents relevant to any allegation or defense.  The submission of documents without an accompanying brief will not be considered in compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3. The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked. Defendant must also provide affidavits to properly authenticate submitted documents.

5. The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret.  As such, Defendants may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff.  If Defendants seek to seal or redact any portion of their Report, they must file a motion to seal at least fourteen (14) days before the *Martinez* Report filing and service deadline.  The motion to seal shall describe with specificity the type of documents Defendants wish to seal and shall assert the reasons for nondisclosure.

6. Should Defendants choose to file a motion for summary judgment based on the information contained with their *Martinez* Report, such a motion shall be filed (1) no later than **February 6, 2023**; (2) separate and apart from the Report; and (3) in compliance with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendants shall instead cite to the *Martinez* Report.[2]  Defendants must provide citations supporting their assertions with specificity.  At the very least, Defendants should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7. The Court may strike any filing that fails to comply with this order.

---

[2] Under the Local Rules, "exhibits to a motion, response or reply" are not to exceed a total of fifty (50) pages unless by agreement of the parties or with leave from the Court after the filing a motion.  D.N.M.LR-Civ. 10.5.  Given that the *Martinez* Report will essentially serve as the parties' exhibits to a summary judgment motion, response, and reply, should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.

**IT IS FURTHER ORDERED** that Plaintiff shall file and serve his response to the facts contained within Defendants Centurion and Valeriano's *Martinez* Report within thirty (30) days of its filing. Defendants Centurion and Valeriano need not file a reply to Plaintiff's Response to the *Martinez* Report.

**IT IS FURTHER ORDERED** that if Defendants Centurion and Valeriano file a motion for summary judgment, Plaintiff must file a separate response to that motion within thirty (30) days of its filing. Defendants shall file and serve their reply, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's response.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE