UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CLINT DESTINO,

    Plaintiff,

v.                                                      Civ. No. 20-397 MV/GJF

CENTURION MEDICAL SERVICES, *et al.,*

    Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ("PFRD")

THIS MATTER is before the Court *sua sponte* following Plaintiff's failure to timely provide addresses pursuant to this Court's Order for *Martinez* Report [ECF 11]. Having reviewed the record, and for the reasons explained below, the Court **RECOMMENDS** that Defendants Murry F. Young, FNU Wise, George Stevenson, New Mexico Department of Corrections, and John Doe (Orthopedic Surgeon) be **DISMISSED**.

**I. BACKGROUND**

Plaintiff filed this action in state court roughly three years ago while still an inmate at Lea County Correctional Facility. Essentially, he alleges that defendants were deliberately indifferent to the serious medical needs involving his arm and post-surgery care. *E.g.*, ECF 8 at 1. While in state court, Defendant M. Valeriano filed an answer. ECF 1. On April 23, 2020, Defendant Centurion removed this case to this Court. *Id.* The Court stayed the case pending the completion of preliminary screening as required in all *pro se* prisoner civil actions. ECF 4 (citing 28 U.S.C. § 1915A). On November 29, 2021, Plaintiff was apparently released from custody. *See* ECF 5.

By October 25, 2022, Plaintiff's complaint survived screening. ECF 10. Consequently,

this Court ordered all defendants properly served with process to file an answer or otherwise respond to Plaintiff's complaint within thirty days. *Id.* But Plaintiff apparently failed to properly serve all defendants except Defendant Centurion Medical Services, and the Complaint provided no addresses for those other defendants. *Id.* at 1. Accordingly, the Court ordered that Plaintiff provide a current address for the aforementioned defendants within thirty days of that order's entry—November 25, 2022. *Id.* at 2.

As of yet, though some sixty additional days have elapsed, Plaintiff still has not provided addresses for Defendants Murray F. Young, FNU Wise, George Stevenson, John Doe (Orthopedic Surgeon), and New Mexico Department of Corrections. Plaintiff has not responded to Defendant Centurion's most recent motion, nor can Defendant Centurion even locate him. ECF 14 at ¶¶ 7–9. Plaintiff's silence and failure to comply with a court-ordered deadline are troubling. "[T]he onus [is] squarely on [P]laintiff[ ] to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor." *E.g.*, *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) (unpublished). And in this circuit, a *pro se* prisoner's failure to provide a court with addresses to serve defendants routinely constitutes sufficient grounds for moving the case along without them. *See, e.g.*, *Harland v. Kansas Cit, Kansas Police Dep't*, No. 21-3207, 2022 WL 2763095, at *3 (10th Cir. July 15, 2022) (unreported).

## II.   CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims against Defendants Murray F. Young, FNU Wise, George Stevenson, John Doe (Orthopedic Surgeon), and New Mexico Department of Corrections be **DISMISSED WITHOUT PREJUDICE.**

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**